ELMER G. HOLLAND

*v.*

STATE OF ILLINOIS.

*Opinion filed March 8, 1923.*

GOVERNMENTAL FUNCTION—*State highways.* The State in owning, operating, controlling and patrolling its State highways, exercises a governmental function and is not liable for injuries sustained by its employees while in the discharge of their duty.

SOCIAL JUSTICE AND EQUITY—*when award will be made.* Where claimant is engaged in a hazardous employment, the Court will as a matter of social justice and equity allow an award, although there be no legal liability against the State.

Edward J. Brundage, Attorney General, for State.

This is a claim presented by Elmer G. Holland, claimant, for personal injuries arising out of his employment as a State motorcycle police patrolman.

We find from the evidence in this case that, said claimant, Elmer G. Holland lives at Wood River in the State of Illinois, that on the 22nd day of October, 1922, he was in the employment of the State of Illinois at State patrolman; that he was employed by the Engineer of Maintenance of the State of Illinois, patrolling the highways from Granite City to Carlinville and from East St. Louis to Effingham and from Wood River to St. Louis; that on the 22nd day of October, 1922, said claimant was patrolling the roads, attending to the duties assigned to him; that he was riding a motorcycle furnished by the State for patroling purposes; that he was following a Ford car, said car going at the rate of 42 miles per hour, as checked by the claimant and a Mr. Waters, also a motorcycle policeman; that said Ford car was exceeding the speed limit under the Statute of this State; that the occupants of said car were apparently intoxicated and the car was swerving from one side of the road to the other at a place in the highway where the traffic was heavy and danger great to the occupants of the passing cars; the claimant and Waters speeded up their machines and endeavored to overtake the occupants about 400 or 500 yards, the driver of the Ford discovered that they were being pursued, threw on his brakes and stopped his car suddenly, the result being that Holland, who was going at a high rate of speed in order to overtake the Ford, ran into the rear end of said Ford and received injuries that required considerable medical attention, rendering said Holland unconscious and necessitated his being taken to St. Elizabeth's Hospital at Granite City.

The claimant further testifies that he had been engaged in this line of work for about 2 months, prior to the accident; that he received com-

pensation for his services from the State for the time he was employed and that he has not since been employed by the State; that he has only worked until 11 days from the date of the accident up until the 8th day of February, the day his testimony was taken; that he did work for a Mr. Reilly, the bus man, driving the bus; that he had tried to ride a motorcycle and found that he got sore and felt bad also that he had tried to do carpenter work and found that it hurt him.

Dr. William E. Howard testified that he lived at Wood River, is engaged in the practice of medicine and surgery and a graduate of Barnes Medical College; that he attended Elmer G. Holland, the claimant here, on October 22nd when he was first called that he found said claimant had 2 or 3 fractured ribs, wasn't sure whether it was 2 or 3, that he bandaged them up, a laceration of the left elbow, one laceration to the bone down to the joint and that his left wrist seemed to be hurt, the ligaments were sprained and pretty badly bruised up, and that he had some lacerations on the hand; that the laceration did not get into the joint of the elbow, just got to the bone and that the bone was not injured; that he doctored the claimant for the injury to his broken ribs about 5 or 6 weeks," saw him off and on" as the doctor says; that the injury to claimant's wrist would interfere somewhat with claimant's work. From the doctor's testimony the injury to claimant's ribs, hands and other minor injuries would not bother him to any great extent, that in time nature would, no doubt, take care of those injuries so that there would be no ill effect for any great length of time.

Dr. Howard further testifying says that he has not been paid for his services.

The Attorney General files a demurrer to the declaration which as a matter of law will be sustained. He also sets out in the demurrer that the doctrine of *respondeat superior* is not applicable to the State; that in the absence of Statute, the State is not liable for the torts of its officers, agents, inmates or employees; that the State in owning, controlling, operating and patrolling the State highways of this State exercises a governmental function and is not liable for injuries to its agents, servants or employees; that the statement of claim shows that the injuries complained of were solely the result of the tort or torts of one who was not an employee, agent or servant of the State of Illinois.

That the Attorney General is right in his contention is not disputed, as these questions have been so decided in numerous cases by this Court.

However, the Court believes that the claimant engaged in a line of hazardous work, that of motorcycle patrolman; that in this line of work the claimant was dealing with a class of persons who drive recklessly and in utter disregard of the lives of other persons; that in this particular case he was pursuing, according to the evidence, men of questionable character, men who were not only intoxicated, but who own a saloon and gambling house, so the witness says, at what is known as Whiskey Shoot in East St. Louis. Claimant considered them dangerous men and from the evidence we believe that they were exceedingly dangerous men with a disregard for, not only their own lives but for others. It is becoming altogether too common for men of this caliber

to "run down" and injure the motorcycle patrolmen of the State. We believe that the claimant was acting in the line of his duty, trying not only to arrest these law breakers, but to protect the lives of others out on this road.

We believe that, while the injuries sustained by the claimant are not of a permanent nature, still he was at considerable expense and some loss of time; that as a matter of social justice; equity and good conscience an award should be made in this case.

We, therefore, recommend an award of the sum of three hundred ($300.00) dollars to said claimant.